UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

SIEMENS BUILDING
TECHNOLOGIES, INC.,

    Plaintiff,

    v.          Case No. 04-C-1256

COMMERCIAL ELECTRICAL
SOLUTIONS OF WISCONSIN, LLC,
d/b/a Commercial Electric/Connectivity
Solutions, Inc.,

    Defendant.

---

DECISION AND ORDER DENYING DEFENDANT'S
RULE 15 MOTION TO AMEND PLEADINGS

After a bench trial in this matter, defendant Commercial Electrical Solutions of Wisconsin, LLC, (CES) filed a Rule 15 motion to amend pleadings to delete any references to Focus, Inc. d/b/a Appollo Systems as the "successor in interest" to Commercial Electrical Solutions of Wisconsin, L.L.C.'s contractual rights and obligations. Because the motion is not based on competent evidence and does not conform to any evidence presented at trial, CES's motion will be denied. The court will issue a separate decision setting forth its findings of fact and conclusions of law following the bench trial.

    Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served." Fed. R. Civ. P. 15(a). If a party cannot amend a pleading as a matter

of right, the "party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id.* At the same time, "leave to amend is not automatically granted, and may be properly denied at the district court's discretion for reasons including undue delay, the movant's bad faith, and undue prejudice to the opposing party." *Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005).

CES answered the complaint on January 31, 2005, by admitting and further alleging that "Focus, Inc., d/b/a Appollo Systems, is a Minnesota corporation which has succeeded in the interest to the contractual rights and obligations of CES, having its principal place of business located at 6250 Sycamore Lane North, Suite 500 B, Maple Grove, MN 55369." (Answer, ¶ 4) In the pretrial report filed on March 16, 2006, CES stipulated to a finding that defendant "Commercial Electrical Solutions of Wisconsin, L.L.C., d/b/a Commercial Electric/Connectivity Solutions, Inc. (CES) is a Minnesota limited liability company which had been in the business of installing electrical systems, having its Wisconsin office located at W226 N825 Eastmound Road, Waukesha, Wisconsin." (Doc. # 29-1)

At trial, CES called one witness from CES, James Willis, who stated that he was an owner of CES and Connectivity Solutions, Inc. of Wisconsin, and American Technology Systems. He testified that the assets of CES were sold to American Technology Systems, which is owned by John Simons. Willis admitted that he had nothing to do with the paperwork regarding that transaction, and no documents were admitted into evidence regarding the final sale of CES or any transfer of rights to the counterclaim asserted by CES.

After the parties rested, CES moved to reopen its case-in-chief to make an offer of proof regarding the sale of CES. The court granted the request, allowed CES to recall

2

Willis, and received into evidence Exhibit 40. That exhibit is a letter of intent to purchase the assets of Connectivity Solutions, Inc. of Wisconsin and Commercial Electrical Solutions, LLC. The letter, addressed to "Mr. Guy Willis, Jr., Connectivity Solutions Inc. of America," provides as follows:

> This letter shall serve as our letter of intent to purchase the assets of Connectivity Solutions Inc. of Wisconsin and Commercial Electrical Solutions of Wisconsin, L.L.C. The purchase price shall be approximately $140,000 as estimated for assets to include tools, furniture and inventory. The purchase also assumes taking over CSI's agreement and remaining payments for the original purchase of Simons Electric that has a balance owed of $38,153.67 as of May 31, 2004. The purchase of assets does not include any vehicles which will be purchased directly from Anchor Bank per the attached schedule of vehicles. The asset purchase does not include any receivables and assumes no liability other than previously stated.

(Ex. 40) That letter appears to have been signed by John Simons, David Laczniak, Joel Shoemaker, and James Willis, but does not clarify the current legal status of CES, the counterclaim, or the name of the entity or group that now owns the assets of CES. Because the motion to amend is not supported by evidence and CES admits that the amendment does not "affect the merits of the issues presented," (Doc. # 37, p. 1),

IT IS ORDERED that the defendant's Rule 15 motion to amend the pleadings is denied.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge

3